**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

**MATTHEW FREEZE**                                                                           **PETITIONER**
Reg # 41286-179

VS.                            CASE NO.: 2:11CV00070 JLH/BD

**T.C. OUTLAW, Warden,**
Federal Correctional Complex,
Forrest City, Arkansas                                                                       **RESPONDENT**

## RECOMMENDED DISPOSITION

**I.    Procedure for Filing Objections**

The following Recommended Disposition ("Recommendation") has been sent to United States District Court Chief Judge J. Leon Holmes. Mr. Freeze – or any party – may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation. A copy will be furnished to the opposing party.

If no objections are filed, Judge Holmes can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

>Mail your objections and "Statement of Necessity" to:
>
>>Clerk, United States District Court
>>Eastern District of Arkansas
>>600 West Capitol Avenue, Suite A149
>>Little Rock, AR 72201-3325

**II.    Background**

Petitioner Matthew Freeze was incarcerated in the Federal Correctional Institution in Forrest City, Arkansas, and lost good-conduct time for violating prison rules.[1]  This habeas corpus petition arises from that lost good-conduct time.

The pertinent facts are undisputed.  Mr. Freeze was in the prison law library when a staff teacher, Kim Taylor, began clearing the area.  (#3, p. 3)  Ms. Taylor told Mr. Freeze to leave; he asked for time to finish making copies of his legal papers; she refused his request.  Despite the order to leave the library immediately, Mr. Freeze continued making copies.  Ms. Taylor confiscated the papers and told Mr. Freeze he could retrieve them from her on Monday.  (#3, p. 7)  He then attempted to grab the papers; but she resisted.  The two of them continued to clutch the papers until correctional officers arrived.  Ms. Taylor complained that Mr. Freeze's aggressive stance and tone had caused her to feel threatened.  (#3, p. 3)

Based on this confrontation, Mr. Freeze was charged in an incident report with disobeying a direct order and making sexual proposals or threats to another.  The

---

[1] It appears that Mr. Freeze is currently residing in Dismas Charities, a residential re-entry center in Corpus Christi, Texas.

discipline committee reviewed the incident report and referred the charges to a discipline hearing officer; but it also recommended dismissing the charge that Mr. Freeze had threatened Ms. Taylor or made sexual proposals to her.  (#3, p. 3)

At the disciplinary hearing, the hearing officer found Mr. Freeze guilty of refusing an order – conduct that Mr. Freeze candidly admitted.  Instead of dismissing the charge that Mr. Freeze made either sexual proposals or threats to Ms. Taylor, the hearing officer reduced the charge to the lesser charge of "insolence," noting that insolence better described Mr. Freeze's admitted conduct.  (#3, p. 6)  After making this change, the hearing officer found Mr. Freeze guilty of insolence, in addition to disobeying a direct order.  As a result of his disciplinary convictions, Mr. Freeze lost fourteen days of good-conduct time – seven days for each of the two rule violations.

Mr. Freeze now asks the Court to set aside the seven-day penalty imposed for insolence.  Because insolence was not specifically charged in the incident report, Mr. Freeze argues, the hearing officer violated both prison regulations and the Administrative Procedure Act by considering that charge.

Mr. Freeze concedes that the hearing officer was free to consider charges "similar to" those set out in the incident report; but, he argues, insolence is not sufficiently similar to making sexual proposals or threats to have been considered by the hearing officer.  The claims Mr. Freeze now advances cannot support federal habeas corpus relief under either

the Due Process Clause of the United States Constitution or the Administrative Procedure Act.

## III.  Discussion

As an initial matter, the Administrative Procedure Act does not apply to disciplinary determinations involving the reduction of good-conduct time. *Jordan v. Wiley*, 411 Fed.Appx. 201, 214, 2011 WL 441776 (10th Cir. 2011) (unpublished); see also 18 U.S.C. § 3625 (exempting § 3624, which controls good-conduct time, and other statutes from the Administrative Procedure Act's judicial review provisions).  So Mr. Freeze must look to the Due Process Clause for relief.

In a prison setting, inmates are entitled to due process, but with significant restrictions.  In order to revoke a prisoner's good-conduct time, due process requires that prison officials:  (1) give the prisoner advance, written notice of the disciplinary violation; (2) disclose to the prisoner evidence against him; (3) afford the prisoner the opportunity to confront and cross-examine witnesses, with some exceptions; (4) provide a neutral, detached hearing body; and (5) provide the prisoner with a written statement of the evidence relied upon by the fact-finder and the reasons for the disciplinary action.  *Wolff v. McDonnell*, 418 U.S. 539, 564-571, 94 S.Ct. 2963 (1974).

Here, there is no dispute that Mr. Freeze received a copy of the incident report on August 21, 2010, and the report provided advance, written notice of the factual basis for the charges against him. (#3, p. 3)  On August 25, 2010, Officer Glasgow advised Mr.

Freeze of his hearing rights.  (#3, p. 5)  Mr. Freeze attended the disciplinary hearing on September 8, 2010, and was allowed to call witnesses to testify in his favor.  (#3, p. 5)  The hearing officer considered the evidence and the charges; he also provided a written statement giving reasons for the disciplinary action.  (#3, p. 6-7)

    Mr. Freeze does not dispute these facts and does not challenge the sufficiency of the evidence supporting the disciplinary convictions.  He concedes that, at the time of the hearing, a federal regulation allowed the hearing officer to consider charges "similar" to the offenses cited in the incident report and notice, and he does not question the constitutionality of that regulation.  28 C.F.R. § 541.17; *Millhouse v. Bledsoe*, 2012 WL 164469 (3rd Cir. 2012)(unpublished)(petitioner did not show that 28 C.F.R. § 541.17 created a liberty interest subject to Due Process protections).[2]  The only due process issue, given these uncontested facts, is whether Mr. Freeze was entitled to advance notice that the hearing officer would consider a charge of insolence.

    An inmate is entitled to notice of at least some of the facts that provide the basis of a rule violation charge.  *Dible v. Scholl*, 506 F.3d 1106, 1110 (8th Cir. 2007) (citing references omitted).  Due process does not necessarily require, however, that an inmate have advance notice of the specific rule violation that he will be charged with.  *Northern v. Hanks*, 326 F.3d 909, 911 (7th Cir. 2003) (because the factual basis of the investigation report provided all the information needed to defend against the charge, the modification

---

[2] Title 28 C.F.R. § 541.17 is no longer in effect.

of the charge did not deprive inmate of his due process rights); but see *Berghoff v. Vannatta*, 154 Fed.Appx. 518, 519, 2005 WL 3046272, 1 (7th Cir. 2005) (unpublished) (a prisoner charged with violating a disciplinary rule is entitled to written notice of the specific offense).

The gist of the due process notice requirement is that a prisoner be given notice of what he is accused of having done wrong.  That means that a factual description of the basis for charges is sufficient.  *Holt v. Caspari*, 961 F.2d 1370, 1373 (8th Cir. 1992) (prison disciplinary committee did not deny petitioner due process by elevating charge because the factual basis for both charges was the same).

In this case, Mr. Freeze received advance notice of the factual basis for the charges.  He knew exactly what misconduct he was accused of committing, and the hearing officer relied on the very facts set out in the notice to find him guilty of insolence.

Importantly, there are no facts in dispute about what happened in the law library.  Be that as it may, Mr. Freeze argues that, had he known that insolence was to be considered, he could have researched the meaning of "insolence" and argued at the hearing that his misconduct did not constitute insolence.  (#2, p. 4)

But this argument misses the point.  Both Mr. Freeze and his witness confirmed the misconduct. Mr. Freeze received advance notice of the factual basis for all of the charges, and the hearing officer relied on those same facts to determine guilt.  Reducing the charge did not violate Mr. Freeze's due process rights because the notice provided

him all of the information he needed to marshal the facts and present a defense. *Dible*, 506 F.3d at 1110 (citing *Wolff*, 418 U.S. at 564; *Freitas v. Auger*, 837 F.2d 806, 809 (8th Cir. 1988))(the written notice must allow the inmate to gather facts and prepare a defense).

## IV. Conclusion

The Court recommends that Judge Holmes dismiss Mr. Freeze's petition for writ of habeas corpus, with prejudice.

DATED this 9th day of March, 2012.

_____
UNITED STATES MAGISTRATE JUDGE